UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SCOTT JOHNSON,<br><br>    Plaintiff,<br><br>        v.<br><br>OPA CAMPBELL LP, et al.,<br><br>    Defendants. | Case No. 21-cv-01619-PJH<br><br>**ORDER GRANTING DEFENDANTS' MOTION TO DISMISS**<br><br>Dkt No. 20 |

Before the court is defendants' motion to dismiss for lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1). The matter is fully briefed and suitable for decision without oral argument. Accordingly, the hearing set for August 12, 2021, is VACATED. Having read the parties' papers and carefully considered their arguments and the relevant legal authority, and good cause appearing, the court hereby rules as follows.

I.   **Background**

As alleged in the complaint, "Plaintiff is a level C-5 quadriplegic. He cannot walk and also has significant manual dexterity impairments." Compl. (Dkt. 1) at ¶ 1. Defendants Opa Management Group, Inc., and Opa Campbell, LP, own and operate the restaurant "Opa!" located at 276 E. Campbell Avenue, Campbell, California.

Plaintiff visited defendants' restaurant sometime in November 2020 during the Covid-19 pandemic. Compl. at ¶ 8. He encountered physical barriers in the form of dining surfaces that were inaccessible to persons using wheelchairs. Compl. at ¶ 10. Specifically, the outside dining surface options lacked sufficient knee and toe clearance

for persons using wheelchairs.  Compl. at ¶ 12.  According to the complaint, "The barriers identified above are easily removed without much difficulty or expense."  Compl. at ¶ 19.

Following the initiation of this lawsuit, defendants sought to cure the alleged deficiencies identified by plaintiff.  On April 12, less than a week after the filing of the complaint, defendants hired Certified Access Specialist Bassam Altwal to conduct an inspection at the restaurant.  Dkt. 20 at ¶ 3, see also Dkt. 20-1.  Altwal prepared a report that identified various features of the indoor and outdoor dining tables that did not comply with the 2010 ADA Standards for Accessible Design ("ADAS") and the 2013 California Building Code ("CBC").  Dkt. 20-1 at ¶ 8, Dkt. 20-2 at ¶ 5.

"Defendants removed the barrier to access alleged by Plaintiff by providing code-compliant accessible seating within 30 days of being served with Plaintiff's Complaint."  Dkt. 20 at ¶ 4 (citing Olson Decl. at ¶ 6).  "On May 17, 2021, Defendants informed Plaintiff that "all barriers to access alleged in the complaint have been removed." Dkt. 20 at ¶ 4 (citing Olson Decl. at ¶ 7).

On June 8, 2021, Altwal re-inspected the restaurant seating.  Dkt. 20-1 at ¶ 9.  He confirmed that the dining surfaces were compliant with both the ADAS and the CBC based on objective measurements.  Dkt. 20-1 at ¶¶ 10-13.

Procedural History

The complaint in this action was filed March 8, 2021.  Dkt. 1.  It alleges (1) a violation of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12182(a), Compl. ¶¶ 22-28, and (2) a violation of the Unruh Civil Rights Act ("Unruh Act"), Cal. Civ. Code §§ 51-53, Compl. ¶¶ 29-33.  As to the ADA claim, plaintiff requests injunctive relief—the only form of relief the ADA affords private plaintiffs.  Compl. at 7; Oliver v. Ralphs Grocery Co., 654 F.3d 903, 905 (9th Cir. 2011); 42 U.S.C. § 12188(a).  Plaintiff also seeks an unspecified amount of statutory damages under the California's Unruh Civil Rights Act.  Compl. at 7; Cal. Civ. Code § 52.

Defendants answered the complaint on April 6, 2021.  Dkt. 13.  The parties stipulated to extend the site inspection deadline imposed by General Order 56, and court

1  granted the stipulation on June 23, 2021.  Dkt. 19.

2  **II.   Discussion**

3  On July 1, 2021, defendants filed the instant motion to dismiss the entire complaint pursuant to Federal Rule of Civil Procedure 12(b)(1).  Dkt. 20.  Defendants move for dismissal of plaintiff's ADA claim (Cause of Action 1) as moot.  See Oliver, 654 F.3d at 905 ("Because a private plaintiff can sue only for injunctive relief . . ., a defendant's voluntary removal of alleged barriers prior to trial can have the effect of mooting a plaintiff's ADA claim").  Dkt. 20 at 6-7.  Defendants then ask the court to decline supplemental jurisdiction over the Unruh Act claim (Cause of Action 2), a California state law claim.  Dkt. 20 at 7-8.

**A.   Legal Standard**

The court has an ongoing obligation to ensure that it has subject matter jurisdiction such that "[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."  Fed. R. Civ. P. 12(h)(3).  Federal courts are limited by the Constitution and Congress to only adjudicate cases involving diversity of citizenship or a federal question, or those to which the United States is a party.  Mims v. Arrow Fin. Servs., LLC, 565 U.S. 368, 376-77 (2012); see also Chen-Cheng Wang ex rel. United States v. FMC Corp., 975 F.2d 1412, 1415 (9th Cir. 1992) ("Federal courts have no power to consider claims for which they lack subject matter jurisdiction.").  Rule 12(b)(1) of the Federal Rules of Civil Procedure also allows a defendant to raise the defense of lack of subject matter jurisdiction by motion.  The plaintiff bears the burden of establishing subject matter jurisdiction.  Kokkonen v. Guardian Life Ins., 511 U.S. 375, 377 (1994).

A challenge to subject matter jurisdiction may be facial or factual.  Safe Air for Everyone v. Meyer, 373 F.3d 1035, 1039 (9th Cir. 2004).  Where the attack is facial, the court determines whether the allegations contained in the complaint are sufficient on their face to invoke federal jurisdiction, accepting all material allegations in the complaint as true and construing them in favor of the party asserting jurisdiction.  Id. at 1039; Warth v. Seldin, 422 U.S. 490, 501 (1975).  Where the attack is factual, however, "the court need

not presume the truthfulness of the plaintiff's allegations," and may review extrinsic evidence beyond the complaint without converting a motion to dismiss into one for summary judgment. Safe Air for Everyone, 373 F.3d at 1039. Once the moving party has made a factual challenge by offering affidavits or other evidence to dispute the allegations in the complaint, the party opposing the motion must "present affidavits or any other evidence necessary to satisfy its burden of establishing that the court, in fact, possesses subject matter jurisdiction." St. Clair v. City of Chico, 880 F.2d 199, 201 (9th Cir. 1989); see also Savage v. Glendale Union High Sch. Dist. No. 205, 343 F.3d 1036, 1040 n.2 (9th Cir. 2003).

### B. Analysis

There are only two issues of discussion: (1) whether the ADA claim should be dismissed as moot and (2) whether, after concluding the ADA claim is moot, the court should retain jurisdiction over the state Unruh Act claim.

#### 1. Mootness of Americans with Disabilities Act Claim

Because injunctive relief is the only relief available to private ADA plaintiffs, a plaintiff alleging ADA violations must establish standing to pursue injunctive relief. "Standing for injunctive relief requires a plaintiff to establish a 'real and immediate threat of repeated injury.'" Strojnik v. IA Lodging Napa First LLC, No. 19-CV-03983-DMR, 2020 WL 2838814, at *5 (N.D. Cal. June 1, 2020) (quoting Fortyune v. Am. Multi-Cinema, Inc., 364 F.3d 1075, 1081 (9th Cir. 2004)). Ninth Circuit case law establishes that an ADA plaintiff may establish standing "either by demonstrating deterrence, or by demonstrating injury-in-fact coupled with an intent to return to a noncompliant facility." Chapman v. Pier 1 Imports (U.S.) Inc., 631 F.3d 939, 944 (9th Cir. 2011).

A claim may become moot if (1) subsequent events have made it clear that the allegedly wrongful behavior cannot reasonably be expected to recur, and (2) interim relief or events have completely and irrevocably eradicated the effects of the alleged violation. Norman-Bloodsaw v. Lawrence Berkeley Lab., 135 F.3d 1260, 1274 (9th Cir. 1998) (citing United States v. Concentrated Phosphate Export Ass'n, 393 U.S. 199, 203 (1968);

Lindquist v. Idaho State Bd. Of Corrections, 776 F.2d 851, 854 (9th Cir. 1985)).  In the context of a complaint brought under the ADA, "because a private plaintiff can sue only for injunctive relief (i.e., for removal of the barrier) under the ADA, a defendant's voluntary removal of alleged barriers prior to trial can have the effect of mooting a plaintiff's ADA claim."  Oliver, 654 F.3d at 905; see also Johnson v. Oishi, 362 F. Supp. 3d 843, 848 (E.D. Cal. 2019) ("[D]efendant's voluntary cessation of an ADA violation may effectively moot a plaintiff's ADA claim").

In assessing the applicability of the "voluntary cessation" doctrine in ADA cases, "[c]ourts have held that where structural modifications are made, then it is absolutely clear the allegedly wrongful behavior could not reasonably be expected to occur in the future since structural modification[s] undo the offending conduct."  Zaldivar v. City of San Diego, 2016 WL 5118534, at *10 (S.D. Cal. Sept. 21, 2016).  "When considering non-structural features, on the other hand, courts have found that 'voluntary remediation of' these violations do 'not moot an issue' because the violations 'could easily reoccur.'"  Moore v. Saniefar, No. 1:14-CV-01067-SKO, 2017 WL 1179407, at *6 (E.D. Cal. Mar. 29, 2017) (quoting Zaldivar, 2016 WL 5118534, at *10).  Nonetheless, "[i]n making a determination about whether the facts indicate a danger of future violations . . . , [courts] consider[ ] the bona fides of the expressed intent to comply, the effectiveness of the discontinuance and, in some cases, the character of the past violations."  Watanabe v. Home Depot USA, Inc., 2003 WL 24272650, at *4 (C.D. Cal. July 14, 2003) (citation omitted).

Importantly, defendant must establish those facts under the summary judgment standard.  See Fed. R. Civ. P. 56 ("The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.").  Because defendant bears the burden of establishing mootness, see In re Pintlar Corp., 124 F.3d 1310, 1312 (9th Cir. 1997), it must "affirmatively demonstrate" that there is no genuine dispute that the relevant accessibility barriers no longer exist.  Soremekun v. Thrifty Payless, Inc., 509 F.3d 978, 984 (9th Cir.

5

2007). The court must view the evidence in the light most favorable to plaintiff and draw all reasonable inferences in plaintiff's favor. Weil v. Citizens Telecom Servs. Co., LLC, 922 F.3d 993, 1002 (9th Cir. 2019).

Here, defendants' expert certifies that the barriers faced by plaintiff, namely, the inaccessible table clearances, have been remedied. According to Altwal's inspection dated June 8, 2021, the vertical clear knee space, the horizonal clear knee space, the unobstructed depth, and the surface height of the accessible tables each meets ADAS and CBC requirements. Altwal Decl. (Dkt. 20-1) ¶¶ 10-12. This shows that the effects of the violation have been eradicated. Plaintiff offers no contrary evidence to give rise to a factual dispute.

Plaintiff cites to Doran v. 7-11, 524 F.3d 1034, 1042 (9th Cir. 2008), for the premise that once a plaintiff encounters one barrier at a site, he can sue to have all barriers that relate to his disability removed regardless of whether he personally encountered them. However, the panel in Doran did not require a defendant to *wait* for a plaintiff's inspection before acting to fix barriers to accessibility. Entities such as defendants here should be encouraged to quickly remedy accessibility barriers and bring them into compliance with the ADA, and the potential mooting of a lawsuit is a valid incentive to meet such standards. Plaintiff's failure to offer competent evidence showing that additional accessibility barriers remain leaves his ADA claim without support.

Further, based on the evidence of defendants' remediations, the ADA violations are not reasonably likely to recur. Defendants took affirmative steps to become compliant and prevent future violations. Defendants quickly hired an experienced Certified Access Specialist to review the restaurant within days of initiation of this lawsuit. Defendants installed accessible dining tables. Defendants' remediation was promptly made after they received notice of the specific barriers at issue. Defendants' briefing and evidence indicates that they never intended to discriminate against persons with disabilities. There is no indication in the record that defendants have any history of ADA violations, or an intention to violate the ADA again. And it appears that Defendants were

1  not aware of the alleged violations prior to the initiation of this suit.  In short, any
2  conclusion that defendants would take action to remove the table or otherwise cause
3  their dining surfaces to fall into ADA noncompliance would be pure speculation.  For
4  these reasons, defendants' violations are not reasonably likely to recur, and the voluntary
5  cessation doctrine does not apply to avoid a determination that the plaintiff's ADA claim is
6  moot.  Therefore, defendants' remediations moot plaintiff's ADA claim.

### 2.  Supplemental Jurisdiction over Unruh Act Claim

Plaintiff's Unruh Act claim remains live even after cure of the alleged barriers "[b]ecause a claim for damages under the Unruh Act looks to past harm." Arroyo v. Aldabashi, No. 16-CV-06181-JCS, 2018 WL 4961637, at *5 (N.D. Cal. Oct. 15, 2018).  As a state law claim, though, it is only before this court pursuant to the court's supplemental jurisdiction.  See 28 U.S.C. § 1367(a).  Such jurisdiction is discretionary.  Acri v. Varian Assocs., Inc., 114 F.3d 999, 1001 (9th Cir. 1997), supplemented, 121 F.3d 714 (9th Cir. 1997).

"District courts 'may'—and often do—'decline to exercise supplemental jurisdiction' if, as here, they have 'dismissed all claims over which it has original jurisdiction.'" Johnson v. Montpelier One LLC, No. 19-CV-06214-EJD, 2020 WL 3504458, at *3 (N.D. Cal. June 28, 2020) (citing 28 U.S.C § 1367(c)(3)).  As the Supreme Court and the Ninth Circuit have "often repeated," "in the usual case in which all federal-law claims are eliminated before trial, the balance of factors will point toward declining to exercise jurisdiction over the remaining state-law claims." Acri, 114 F.3d at 1001 (quoting Carnegie-Mellon University v. Cohill, 484 U.S. 343, 350 n.7 (1988) (alterations omitted)).

Defendant asks the court to decline to exercise jurisdiction over the Unruh Act claim.  Dkt. 20 at 7-8.  Plaintiff has not shown that this is other than the "usual case." Unlike the years-long status of the cases cited by plaintiff encouraging the court to keep state law claims following dismissal of federal claims, the court has not considered the merits of the Unruh Act claim, and there is no interest in judicial economy in retaining the case.  Plaintiff fails to articulate any significant inconvenience that he would face in

7

1  refiling in state court.  The court therefore declines to exercise supplemental jurisdiction

2  over plaintiff's Unruh Act claim.

### III.  Conclusion

For the reasons set forth above, the court DISMISSES AS MOOT plaintiff's ADA claim and DISMISSES his state law claims without prejudice for refiling in state court.

**IT IS SO ORDERED.**

Dated: August 9, 2021

                                        */s/ Phyllis J. Hamilton*
                                        PHYLLIS J. HAMILTON
                                        United States District Judge